1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

                    Plaintiff,

          v.

UPS STORE #0352, et al.,

                    Defendants.

CASE NO. 3:23-cv-05948-BHS

REPORT AND RECOMMENDATION

Noting Date: December 15, 2023

        The District Court has referred Plaintiff Tiffany Recinos's pending Application to

Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge

David W. Christel pursuant to Amended General Order 11-22. On October 15, 2023, Plaintiff

filed a proposed civil complaint and, on November 6, 2023, she filed an application to proceed *in

forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1, 4.

        In determining whether IFP should be granted in this case, the Court has reviewed the

proposed amended complaint and finds the instant matter fails to state a claim upon which relief

can be granted. Therefore, the Court recommends this case be dismissed without prejudice and

the Application to Proceed IFP (Dkt. 4) be denied.

REPORT AND RECOMMENDATION - 1

1  **Review of the Proposed Amended Complaint.** The Court has carefully reviewed the

2  proposed amended complaint in this matter. Because Plaintiff filed this complaint *pro se*, the

3  Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.

4  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her

5  proposed amended complaint, Plaintiff names UPS Store #0352 and Represent Productions

6  Printing Service as defendants. Dkt. 5. Plaintiff alleges the UPS store did not properly copy and

7  mail paperwork related to her Ninth Circuit appeals. *Id*. She contends the UPS Store inexplicably

8  raised prices for her copying and mailing and failed to deliver her packages to the Ninth Circuit.

9  *Id*. She also states Represent Productions Printing Service holds themselves out as the UPS

10  Store.

11  **Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP

12  upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court

13  must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory

14  screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to

15  state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

16  is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d

17  845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

18  prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28

19  U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP

20  complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable

21  substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

22  1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*,

23  745 F.2d 1221, 1228 (9th Cir. 1984).

24

1    Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12

2    (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted.

3    *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a

4    claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice

5    where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*,

6    490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to

7    dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).

8    Here, Plaintiff's proposed amended complaint is difficult to comprehend. However,

9    Plaintiff's claims against the named defendants appear to sound in state law and, thus, it appears

10    Plaintiff is seeking this Court's jurisdiction through diversity. Dkt. 5. "The district courts shall

11    have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or

12    value of $75,000, . . .and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Diversity

13    jurisdiction requires complete diversity of citizenship, *i.e.*, that every plaintiff be a citizen of a

14    different state from every defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548

15    (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Plaintiff specifically

16    cites only to provisions of the Revised Code of Washington. Dkt. 5. Plaintiff also alleges that all

17    parties are located in the State of Washington. *Id*. Therefore, there is no diversity jurisdiction.

18    Additionally, Plaintiff does not sufficiently explain the wrong-doing of the defendants or

19    explain how the wrong-doing could give rise to a federal claim. Plaintiff has also not shown the

20    Court has the authority to grant any of the relief requested. While Plaintiff references that this

21    case is brought under federal question jurisdiction, she does not allege constitutional violations in

22    the body of the amended complaint. *See id*. After consideration of the allegations in the proposed

23

24

amended complaint, the Court finds the Court lacks jurisdiction and the proposed amended complaint does not state a claim for which relief can be granted.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As the Court does not appear to have jurisdiction over this matter and as Plaintiff's claims against Defendants appear to be meritless, the Court finds any attempt by Plaintiff to amend the proposed amended complaint would be futile. Further, the Court notes Plaintiff has a history of filing meritless lawsuits in this Court. The Court finds her history of arguably abusive litigation tactics in this Court warrants dismissal without leave to amend. As such, the Court finds Plaintiff should not be afforded leave to amend her proposed amended complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed amended complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be denied.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 15, 2023, as noted in the caption.

Dated this 27th day of November, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5